UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JODARRIUS HARDY, ET AL                         CIVIL ACTION NO. 11-cv-1264

VERSUS                                          JUDGE FOOTE

JOHNSON & JOHNSON, ET AL                        MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Jodarrius and Marshall Hardy, represented by attorney Alex J. Washington, Jr., filed this civil action in state court against a number of defendants. The petition alleged that a defective medical device caused Jodarrius injuries including loss of vision, headaches, weakness, and fatigue. The case was removed based on diversity jurisdiction and, after the plaintiffs dismissed some of the defendants, the court held a scheduling conference.

The court issued minutes (Doc. 28) following the conference. It was noted that this is a complex case that involves many years of medical care and treatment, so will involve a large volume of discovery. Attorney Washington anticipated that co-counsel would enroll to assist, and he was given approximately one month to enroll co-counsel. The next filing was a Motion to Withdraw (Doc. 29) by attorney Washington. He represented that he had conferred with his clients and told them of his intention to withdraw, and that he had notified them by certified mail. The motion referenced a copy of a letter to the clients, but it appears the intended attachment was omitted.

The court issued an order that granted the motion to withdraw. The order also stated that Plaintiffs were "strongly encouraged to retain new counsel," and they were allowed 30

days to enroll new counsel or file a written statement that they intend to represent themselves. The order warned that failure to take one of those steps by the August 23, 2012 deadline could result in their case being dismissed, without further notice, for failure to prosecute. A copy of that order was mailed to the plaintiffs at the address provided by attorney Washington in his motion to withdraw.

Approximately one week after the August 23 deadline, the court noted that the plaintiffs had filed nothing. The court then issued another order that recounted the prior proceedings, noted that the plaintiffs had filed nothing since the deadline, and stated that the court, before it took the harsh step of dismissal that could forever foreclose the plaintiffs from pursuing their claims, would give the plaintiffs one more opportunity to act. They were allowed an additional two weeks, which ended September 14, 2012, to enroll new counsel or file a written statement that they intend to represent themselves. The order again warned: "If they do not take one of those steps by the deadline, this suit will be subject to dismissal for failure to prosecute without further notice."

That second deadline has passed. The plaintiffs have filed nothing, and the court has not received any communication from an attorney who is acting on their behalf. The court provided more than ample time for them to secure new counsel or indicate a desire to proceed without counsel. Plaintiffs have not taken even the simple step of alerting the court that they desire to proceed on their own. It is highly unlikely that plaintiffs who are unwilling to take such a simple step are interested enough in this case to comply with the more serious requirements of litigation that they would face if the case continued. Attempting to proceed

further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of September, 2012.

                                                                               MARK L. HORNSBY
                                                      UNITED STATES MAGISTRATE JUDGE